UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDDIE KEVIN CAREY,

    Plaintiff,

v.                                                  Case No:   6:13-cv-1809-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Response to Court's Order and Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. 405(g). (Doc 28). The parties request that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can take further administrative action in the case.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). Upon remand under sentence-four, the administrative law judge must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon due consideration, I **respectfully recommend** that the district judge:

1. **Grant** the parties' Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. 405(g);

2. **Reverse and remand** this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g);

3. **Advise** the parties that it is expected that on remand, the Administrative Law Judge will

> [A]ddress all evidence of record, take any further action needed to complete the administrative record, and issue a decision addressing both of the claimant's concurrent claims. In doing so, the Administrative Law Judge will reassess the claimant's residual functional capacity, and, at step five, if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the reassessed limitations on the claimant's occupational base.

(Doc. 28 at 2);

4. **Direct** the Clerk to **enter judgment** accordingly, **terminate** any pending motions, and **close** the file; and

5. **Advise** Plaintiff that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. And, direct that upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 5, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record